UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFREY BURNETTE[1] PLAINTIFF

V. CIVIL ACTION NO. 3:25-CV-990-DPJ-ASH

TATE REEVES, ET AL. DEFENDANTS

ORDER

Pro se Plaintiff Jeffrey Burnette challenges Mississippi Code section 47-7-3 because it allows parole for violent offenders but not sex offenders like himself. Mot. [3] at 1–3. There are two pending motions, a motion for preliminary injunction, *id.*, and a motion to appoint counsel [5]. Having reviewed these motions and Burnette's memorandum supporting injunctive relief [4], both motions will be denied.

I. Motion for Preliminary Injunction

A. Standards

Federal Rule of Civil Procedure 65(a) governs preliminary injunctions. Under that rule, the applicant must show these requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned*

[1] Jeffrey Burnette is the only plaintiff who signed the Complaint [1] and this Motion [3]. He therefore is the only named Plaintiff proceeding here.

*Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation marks and citation omitted).

Although a preliminary injunction may be granted to safeguard constitutional rights, it remains "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." *Black Fire Fighters Ass'n of Dallas v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). "The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). And whether to grant it rests in the trial court's sound discretion. *See Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir. 1984)).

B. Analysis

Burnette says that the Mississippi parole statute restoring "parole eligibility retroactively for certain violent offenders but categorically exclud[ing] sex offenders" violates his constitutional rights. Mot. [3] at 1 (addressing Miss. Code Ann. § 47-7-3). According to Burnette, the "exclusion of sex offenders from parole eligibility is arbitrary and irrational, violating the Equal Protection Clause" and the Eighth Amendment. *Id*. at 2.

1. Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of laws, which is essentially a direction that all persons similarly situated should be treated alike." *Duarte v. City of Lewisville*, 858 F.3d 348, 353 (5th Cir. 2017) (citation and quotation marks omitted). A plaintiff must show that "two or more classifications of similarly situated persons were treated

differently." *Id*. Classifications that are based on a "suspect class" or law that implicates a fundamental right must survive strict scrutiny. *Id*. at 353–54 (citation omitted).

When there is no "suspect class" or infringement of a fundamental right, then that law "need only bear a rational relation to a legitimate governmental purpose." *Id*. at 354. "Rational basis review begins with a strong presumption of constitutional validity." *Id*. (quoting *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 504 (5th Cir. 2006)). Thus, "[a] court will uphold the classification 'if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" *Id.* (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)).

Burnette says rational-basis review applies. *See* Mem. [4] at 2. He's right. "A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class." *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998). And that's true for sex offenders. *See Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014) (rejecting argument that sex offenders are a suspect class); *accord Breshears v. Garrett*, 143 F. App'x 570, 572 (5th Cir. 2005). Nor is a sex offender's parole eligibility a fundamental right. *See Breshears*, 143 F. App'x at 572 (finding that sex offenders challenging disparate parole provisions failed to show a fundamental right). Burnette must therefore show that the disputed statute fails the rational-basis test.

It doesn't. Burnette cites no authority suggesting that the state lacked a rational basis to exclude sex offenders from parole eligibility, and the Fifth Circuit has rejected similar claims. In *Breshears*, the court held, "[S]ubjecting [sex] offenders to different parole procedures is reasonably related to a legitimate penological interest." *Id*. (citing *Finley v. Staton*, 542 F.2d 250 (5th Cir. 1976) (finding "no merit" to equal-protection claim filed by sex offender

challenging certification requirement for work release)).

Thus, treating "sex offenders differently from other offenders raises no equal protection issue: Sex offenders are not a suspect class, and the government has a legitimate interest in treating them differently for purposes of early release." *Culbert v. Bryant*, No. 3:19-CV-419-DPJ-FKB, 2020 WL 5372099, at *2 (S.D. Miss. Aug. 17, 2020), (citing *Breshears*, 143 F. App'x at 572), *report and recommendation adopted*, *Culbert v. Bryant*, 2020 WL 5369067 (S.D. Miss Sept. 8, 2020).

Because Burnette fails to factually show that section 47-7-3 lacks a rational relationship to the state's legitimate penological interests, he fails to show a substantial likelihood of success on his equal-protection claim. It is therefore unnecessary to consider the other Rule 65 factors.

2. Eighth Amendment.

"The Eighth Amendment prohibits cruel and unusual punishments." *Moore v. Texas*, 581 U.S. 1, 12 (2017) (quotation marks omitted). And that protection "is applicable to the States through the Fourteenth Amendment." *Rhodes v. Chapman*, 452 U.S. 337, 344–45 (1981) (citation omitted). But "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Simply put, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Mitchell v. United States*, 211 F.3d 125 (5th Cir. 2000) ("A prisoner has no constitutional right to release on parole."). "As to the psychological distress which prisoners suffer from the arbitrary and capricious denials of paroles, we decline to equate disappointment with cruel and unusual punishment." *Craft v. Tex. Bd. of Pardons & Paroles*, 550 F.2d 1054, 1056 (5th Cir. 1977) (cleaned up) (citation omitted).

In sum, Burnette fails the first requirement for a preliminary injunction—likelihood of success on the merits. So, there is no need to address the other requirements. *See Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc,* 692 F.3d at 352 (requiring plaintiffs to prove all four requirements). Burnette's Motion [3] will be denied.

II. Motion for Counsel [5]

Burnette seeks counsel under 28 U.S.C. § 1915(e). *See* Mot. [5] at 3. Under § 1915(e), "[t]he court may request an attorney to represent any person unable to afford counsel." But that section applies to plaintiffs who have been authorized to proceed in forma pauperis. *See id.* § 1915(a)(1). Burnette has not filed a motion seeking indigent status, so the Court lacks a statutory basis to appoint counsel under § 1915(e). *See Reyna v. Osherow*, No. CV A-06-CA-986 LY, 2007 WL 9751546, at *1 (W.D. Tex. Mar. 19, 2007) (denying request for counsel because plaintiff was denied indigent status); *accord Richardson v. Manning*, No. CIV.A. 08-0937, 2008 WL 5191767, at *3–4 (W.D. La. Oct. 29, 2008), *report and recommendation adopted*, 2008 WL 5746956 (W.D. La. Dec. 11, 2008).

If Burnette seeks indigent status under § 1915, he may revisit this request. But the Court notes that "there is no right to an appointment in a civil rights case" under § 1915(e)(1). *Stamps v. Univ. of Tex. Sys.*, No. 24-50405, 2025 WL 720938, at *4 (5th Cir. Mar. 6, 2025) (citing *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007)).

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for a Preliminary Injunction [3] and Motion for Appointment of Counsel [5] are denied.

**SO ORDERED AND ADJUDGED** this the 28th day of September, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE